**In re MEMORIAL ESTATES, INC., Debtor.**

**CHICAGO BANK OF COMMERCE, a/k/a Associated Bank, Plaintiff,**

**v.**

**AMALGAMATED TRUST AND SAVINGS BANK, Defendant.**

Appeal of Barnard A. SAVAGE, Jr.

Bankruptcy No. 83 B 1016.
Adv. No. 83 A 1119.
No. 89 C 6769.

United States District Court,
N.D. Illinois, E.D.

June 11, 1990.

## MEMORANDUM OPINION
## AND ORDER

PLUNKETT, District Judge.

Barnard Savage appeals the imposition of sanctions upon him by the bankruptcy court at the end of an adversary proceeding before that court in a non-core matter related to the bankruptcy of Memorial Estates. The bankruptcy court sanctioned Savage, his company, Cemco, and Cemco's attorney, William Needler. Each of these entities has appealed the imposition of sanctions against it. The appeals have been assigned to three separate district courts. Judge Shadur has already affirmed the imposition of sanctions against Needler. For the reasons stated below, we remand this matter to the bankruptcy court for further findings of fact with respect to Savage.

### Factual Background

Cemco is a third party that asserts an interest in cemetery property, the beneficial ownership of which rests with the debtor, Memorial Estates. Savage is Cemco's president and chief executive officer but is not otherwise a party to the bankruptcy. Cemco received its interest in the cemetery from Memorial Estates in 1981 in exchange for a promise to fulfill the consumer obligations of Memorial Estates, and for no other consideration.

Plaintiff Chicago Bank of Commerce ("Bank") was the holder of a mortgage on the cemetery. Cemco took possession of the cemetery in 1981 and operated it until 1985. No payments were made during that time to the Bank to reduce the mortgage indebtedness. In 1982, the Bank instituted foreclosure proceedings in state court. Cemco resisted these proceedings. In 1983, Memorial Estates filed a voluntary petition for reorganization under Chapter 11. The case was converted to a Chapter 7 proceeding for liquidation, and the foreclosure proceeding was removed to the bankruptcy court in 1983.

Meanwhile, during the pendency of these legal manipulations, Cemco continued to operate the cemetery and to pocket the proceeds. The Bank attempted to get a receiver appointed by the state court, but was temporarily frustrated in this by the filing of the bankruptcy petition, which left Cemco in possession of the cemetery. Eventually, in early 1985, the bankruptcy court appointed a receiver.

Substantial litigation occurred in the bankruptcy court with respect to the petition for the appointment of a receiver to take possession of and operate the cemetery. The litigation is documented in the lengthy Appendices A and B to the bankruptcy court's opinion in this matter. Cemco was repeatedly ordered by the court to produce financial records and other documents. Cemco filed numerous motions, emergency motions, motions to reconsider, appeals, motions for remand to the state court, and motions to vacate prior orders, as evidenced in the Appendices. As a result of all of these motions, the bankruptcy court held on June 26, 1989, that Cemco, its principal, Savage, and its attorney, Needler, were subject to sanctions of approximately $42,000 under Bankruptcy Rule

9011 and 28 U.S.C. § 1927. Savage appeals.

### Discussion

This appeal poses several issues. First, we must determine whether the bankruptcy court had the power to award sanctions under Rule 9011 or under 28 U.S.C. § 1927. Second, we must determine what sort of review is appropriate, since the sanctions were awarded as part of a related matter and not as part of a core proceeding. Third, we must determine whether any powers of the bankruptcy court to award sanctions encompassed the imposition of sanctions upon Savage, who is not an attorney and, at least technically, was not a party in the adversary proceeding. Finally, under whatever standard of review is appropriate, we must determine whether the award of sanctions was warranted. In brief, we hold that the bankruptcy court had no power to award sanctions against Savage under § 1927, that it had power to award sanctions under Rule 9011, that the award of such sanctions was core and subject to appellate, not de novo, review and that there is some factual question as to whether the bankruptcy court could award sanctions against Savage which necessitates remand to the bankruptcy court for further fact-finding. Accordingly, we do not reach the issue of whether the sanctions were warranted against Savage.

#### 1. 28 U.S.C. § 1927.

The bankruptcy court relied upon § 1927 in imposing sanctions. *See Memorandum*, June 26, 1989, at 14–16. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

We note first that it is questionable whether the bankruptcy court had jurisdiction to impose sanctions under this provision against anyone. The Historical and Revision Notes to 28 U.S.C.A. § 1927 refer for the definition of "court of the United States" to 28 U.S.C. § 451, which provides that the term "court of the United States" includes the Supreme Court, the courts of appeals, the district courts, and any court created by Act of Congress the judges of which are entitled to hold office during good behavior. Under this definition, we believe that it is likely that the bankruptcy court is not a court of the United States, since bankruptcy judges do not hold office during good behavior, but rather for a specified term. Therefore, we find it questionable whether the bankruptcy court would be able to impose sanctions upon anyone under § 1927. *See In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221 (8th Cir.1987) ("Although federal courts have upheld a bankruptcy court's imposition of sanctions under 28 U.S.C. § 1927 without discussion of the bankruptcy court's jurisdiction, *see, e.g., In re TCI, Ltd.*, 769 F.2d 441 (7th Cir.1985), we agree ... that it is questionable whether a bankruptcy court falls within the definition of 'courts of the United States' for purposes of imposing sanctions against attorneys under this section"); *In re Richardson*, 52 B.R. 527, 531–532 (Bankr.W.D.Mo.1985); *In re Memorial Estates*, 89 C 3719, 89 C 5833, Transcript of Proceedings before Hon. Milton I. Shadur, November 7, 1989, contained in Appendix A to Brief of Plaintiff–Appellee, at 6. *But see In re TCI Ltd.*, 769 F.2d 441 (7th Cir.1985) (affirming bankruptcy court award of sanctions under § 1927 without considering whether the bankruptcy court is a court of the United States under § 1927).

Fortunately, we need not decide this question, since we hold that the bankruptcy court, even if it has jurisdiction under § 1927 to award sanctions, did not have the power to award sanctions against Savage. Section 1927 provides that sanctions may be awarded against an attorney or other person admitted to conduct cases. Savage is neither. Section 1927 does not authorize recovery from a party or other person, but only from an attorney or some otherwise admitted representative of a party. *F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d

507, 510 (9th Cir.1986); *1507 Corporation v. Henderson*, 447 F.2d 540, 542 (7th Cir. 1971). Savage was not counsel in this case and cannot be fined under § 1927.

### 2. Rule 9011 of the Federal Rules of Bankruptcy Procedure.

■ The bankruptcy court also relied upon Bankruptcy Rule 9011 to support its imposition of sanctions. Rule 9011 is the bankruptcy equivalent of Fed.R.Civ.P. 11. It provides that all pleadings, motions and other papers shall be signed by an attorney, or by the party himself if he is unrepresented. It further provides that such signature constitutes a certificate that the attorney or party has read the document; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation. If a document is signed in violation of the Rule, the bankruptcy court shall impose sanctions on the person who signed it, the represented party, or both. Under this Rule, the bankruptcy court can sanction counsel and his client for vexatious and improper filings. *See In re Arkansas Communities, Inc.*, 827 F.2d 1219, 1221–1222 (8th Cir.1987) (Rule 9011 can be applied by bankruptcy court even though it is not an Article III court).

Savage first argues that the bankruptcy court could not issue an order sanctioning him under this Rule but could only make a recommendation to this court, since the sanctions arose from non-core proceedings. While it is clear that the adversary proceeding on the foreclosure was a related matter, *see In re Memorial Estates, Inc.*, 797 F.2d 516 (7th Cir.1986), it is far less clear that the imposition of sanctions resulting therefrom is also not a core proceeding. Judge Shadur, in considering the related appeal of attorney Needler, held that the imposition of Rule 9011 sanctions was itself a core proceeding on which the bankruptcy judge could rule subject only to appellate review. Shadur noted, and we agree, that the related proceedings before the bankruptcy court were governed by the Bankruptcy Rules. *See* Brief of Plaintiff–Appellee, Appendix A at 9. He held that the Rule 9011 determination has "a kind of independent existence" which is in itself a core proceeding since it concerns other proceedings affecting the liquidation of the assets of the estate. He further held that here the conduct substantially slowed the effective disposition and administration of the estate, and therefore was a proceeding affecting the administration of the estate and liquidation of the assets of the estate. *Id.* at 10–12. Under 28 U.S.C. §§ 157(b)(2)(A), (O), where a proceeding concerns the administration of the estate or affects the liquidation of the assets of the estate, it is a core proceeding. Hence, Judge Shadur held that the Rule 9011 determination was a core proceeding.

■ We agree. We hold that a Rule 9011 determination as to whether sanctions are warranted is a core proceeding subject to appellate review. We believe that any other interpretation would seriously hamper the bankruptcy court in its administration of the estate and would provide additional methods of multiplying litigation for those seeking to hinder and delay the proceedings in the bankruptcy court.

■ Thus, we must consider the bankruptcy court's imposition of Rule 9011 sanctions against Savage under the standards of an appeal of a core proceeding. Rule 9011, by its express terms, permits the imposition of sanctions against an attorney and/or a party represented before the court, for signing papers filed with the court which are not warranted by existing law or good faith argument for its extension, modification or reversal or which are interposed to harass, delay, or increase the cost of litigation. The bankruptcy court found that numerous pleadings in this case were interposed to harass and delay, and awarded sanctions. It could, therefore, sanction the attorney filing those pleadings and his client. *See, e.g., In re Eighty South Lake, Inc.*, 63 B.R. 501, 510–512 (Bankr.C.D.Cal.1986) (sanctioning debtor

and the individual who ran the debtor, where testimony showed that the debtor acted through the principal, the principal had full knowledge of the facts, and his testimony showed that he plotted the strategy causing the delays, was fully involved in its implementation, and it was primarily his misconduct and voluntary absences from the jurisdiction that disrupted the discovery process), *affirmed,* 81 B.R. 580 (9th Cir. BAP 1987).

The problem with the bankruptcy court's imposition of sanctions upon Savage is that Savage is neither an attorney nor a party (Cemco is the party) and signed none of the pleadings which the court found objectionable. Further, there is essentially no evidence cited by the bankruptcy court demonstrating that Savage himself was personally responsible for the vexatious pleadings, as in *In re Eighty South Lake.* The bankruptcy court's opinion does note that the court heard testimony that Savage had suggested the bankruptcy filing to avoid the appointment of a receiver in the foreclosure proceeding in state court. *Memorandum* of June 26, 1989 at 5. This is the only evidence cited by the court to show that Savage was responsible for any of the vexatious pleadings. The bankruptcy court also refers to Cemco as a shell corporation without any financial statements or income tax returns, *see id.* at 45–47, and there appears to be no dispute that Savage is Cemco's President, Chief Executive Officer, and Chief Operating Officer. *See Memorandum* of June 26, 1989, Exhibit 38, testimony of Savage, p. 83. The bankruptcy court's opinion states that whether Cemco receives or disburses money is controlled by Savage, but cites no evidence to support this finding. *Id.* at 46–47.

These facts alone do not appear to us to be enough to hold Savage jointly liable for the sanctions against his company. The bankruptcy court did not make any findings or refer to any evidence showing that Savage himself participated in any of the litigation decisions resulting in sanctions, other than the decision to file the petition for relief under the Bankruptcy Code. We hold that more is required, and remand to the bankruptcy court to make factual find-

ings as to whether Savage himself was responsible for the vexatious pleadings which form the basis for the court's sanctions. The bankruptcy court may hold a hearing if it deems this appropriate, or may make findings based upon the record before it concerning Savage's role.

Finally, with respect to one additional matter raised by Savage, we note that it was proper and appropriate for the bankruptcy court to rule on the motions for sanctions after the close of the case. The motions had been filed prior to the close of the case and Savage was on notice as to their pendency. The bankruptcy court had warned that sanctions might result from some of the conduct before it. A bankruptcy court, like a district court in Rule 11 matters, may enter sanctions after dismissing the bankruptcy petition. *See In re Eighty South Lake, Inc.,* 81 B.R. 580, 581–582 (9th Cir. BAP 1987).

### Conclusion

The case is remanded to the bankruptcy court for factual findings concerning Savage's responsibility for the filings resulting in Rule 9011 sanctions in this case. The bankruptcy court is instructed that it may award sanctions against Savage only if it finds that he personally participated in the objectionable conduct engaged in by Cemco and its attorney. The award of sanctions under § 1927 against Savage is vacated.