**Octavia HARRISTON, Plaintiff,**

v.

**CHICAGO TRIBUNE COMPANY, a corporation, Charles Brumback, John Sloan and Vincent Riordan, Defendants.**

**No. 87 C 8875.**

United States District Court,
N.D. Illinois, E.D.

May 17, 1991.

Hope Freeman Keefe and Robert J. Leoni, Brunswick, Keefe & Deer, Blue Island, Ill., for plaintiff.

John W. Powers, Brenda D. Hofman, and Brenda H. Feis, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendants, Chicago Tribune Company, Charles Brumback, John Sloan and Vincent Riordan, for sanctions against the plaintiff, Octavia Harriston, pursuant to Fed.R.Civ.P. 11 and 28 U.S.C. § 1927. For the following reasons, the motion is denied.

As noted previously by this court, "the proceedings in this action have been protracted and, to say the least, contentious." Order of December 27, 1990. 134 F.R.D. 232. The history of this case is well documented in prior court decisions, and will not be repeated here. The court will, however, set out the basis for the present motion for sanctions.

On June 29, 1990, the court granted the motion of previous counsel, Edward R. Theobold, to withdraw from the case. On November 17, 1990, the law firm of Brunswick, Keefe & Deer filed its appearance as counsel for the plaintiff. Shortly before this appearance was filed, Brunswick, Keefe & Deer filed a notice of deposition, seeking to depose John Powers, the attorney for the Tribune defendants. The defendants filed a motion for a protective order, preventing the taking of Mr. Powers deposition. The court granted the motion for a protective order on December 27, 1990. On January 4, 1991, the plaintiff filed a motion to disqualify Mr. Powers and the law firm of Seyfarth, Shaw, Fairweather & Geraldson from representing the Tribune defendants. After a full briefing on the issues, the court denied the motion to disqualify. *See* Order of January 28, 1991.

In their response to the motion to disqualify, the Tribune defendants requested an award of sanction, pursuant to Fed.R. Civ.P. 11 and 28 U.S.C. § 1927, for their

response to what they deemed to be plaintiff's "frivolous" motion to disqualify. The court will address each basis for an award of sanctions *seriatim.*

The application of rule 11 sanctions is well documented in this circuit. The most important purpose of rule 11 is to deter frivolous litigation and the abusive practices of attorneys. *Fred A. Smith Lumber Co. v. Edidin,* 845 F.2d 750 (7th Cir.1988); *Flip Side Productions Inc. v. Jam Productions, Ltd,* 843 F.2d 1024 (7th Cir.1988). Compensation, although an important consideration, is not the only purpose underlying rule 11. *Brown v. Federation of State Medical Boards of U.S.,* 830 F.2d 1429 (7th Cir.1987). An even more important purpose is deterrence. *Brown,* 830 F.2d at 1438. The Seventh Circuit has stated that it takes rule 11 violations seriously and expects the district judges, lawyers and litigants to do the same. *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073 (7th Cir.1987).

Rule 11 has been interpreted to consist of several strands. There must be reasonable inquiry into both fact and law; there must be good faith (that is, the paper must not be interposed "to harass"); the legal theory must be objectively warranted by existing law or a good faith argument for the modification of existing law; and the lawyer must believe that the complaint is well grounded in fact. *Szabo,* 823 F.2d at 1080. An attorney filing the complaint or other paper must satisfy all four requirements. *Id.* The standard for imposing rule 11 sanctions is an objective determination of whether the sanctioned party's conduct was reasonable under the circumstances. *Smith,* 845 F.2d at 752. Whether there has been a violation of rule 11 is essentially a judgment call and the imposition of sanctions is a matter within the discretion of the district court. *Triad Associates, Inc. v. Chicago Housing Authority,* 892 F.2d 583, 596 (7th Cir.1989); *Flip Side,* 843 F.2d at 1036; *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928 (7th Cir.1989). When considering a motion for sanctions, the district court examines the underlying suit from two perspectives: 1) was the lawsuit brought in *subjective* good faith (i.e., not for the purpose of harassment); and 2) was the lawsuit *objectively* warranted by existing law (i.e., was there a reasonable inquiry into both fact and law). *Tabrizi v. Village of Glen Ellyn,* 883 F.2d 587, 592 (7th Cir.1989), *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1080 (7th Cir.1987). The standard under rule 11 is reasonableness. A plaintiff is limited by rule 11 to raising claims which are objectively reasonable under existing law. Rule 11 is not a "fee shifting" device in the sense that the loser pays. *Triad Assoc.* 892 F.2d at 596. It is a law imposing sanctions if counsel files with improper motives or inadequate investigation.

As to the first issue, the court cannot find that plaintiff filed the motion to disqualify for the purposes of harassment or delay. Plaintiff acquired new counsel after this case had already been bitterly litigated for over three years. Shortly after taking over the case, plaintiff's new counsel, in an apparent belief that former counsel had failed to raise critical issues, filed the motion to disqualify. Nothing in the either the record or in defendants' submissions on this issue show that the motion to disqualify was filed in bad faith or for purposes of harassment.

Turning to the second consideration, the court likewise does not find that the motion to disqualify was not well grounded in fact or law. As noted above, rule 11 is not a "fee shifting" device in the sense that the loser pays. *Triad Assoc.* 892 F.2d at 596. Therefore, the mere fact that plaintiff did not succeed on the motion to disqualify does not entitled the defendants to rule 11 sanctions. In support of her motion to disqualify, plaintiff set out the relevant law supporting such a motion. As well, plaintiff detailed the factual basis underlying the relationship between the plaintiff and defendant's counsel. While the court found that plaintiff had not carried her burden to show that the "drastic measure" of disqualification was warranted in this case, the court cannot find that plaintiff's motion was so lacking in legal and factual

support as to warrant the imposition of rule 11 sanctions.

■ The court next turns to the defendants' motion for sanctions under 28 U.S.C. § 1927. That section states:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

"A court may impose sanctions under 28 U.S.C. § 1927, against an attorney where that attorney has acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice' or where a claim is without plausible factual or legal basis and lacking in justification." *Walter v. Fiorenzo*, 840 F.2d 427, 433 (7th Cir.1988) (citations omitted) *see also, Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226–27 (7th Cir.1984); *Tuf–Flex Glass v. N.L.R.B.*, 715 F.2d 291, 298 (7th Cir.1983). Since § 1927 is punitive, it must be construed strictly, and a court should only impose sanctions under this section to penalize attorneys who engage in dilatory conduct. *Knorr Brake*, 738 F.2d at 226. § 1927 differs from rule 11 sanctions in that it does not require hinge on "reasonable" investigation. *Dahnke v. Teamsters Local 695*, 906 F.2d 1192, 1201, note 6 (7th Cir.1990). The decision to award sanctions under § 1927 is within the sound discretion of the trial judge and is reviewed under an abuse of discretion standard. *Walter*, 840 F.2d at 433.

■ In the present case, the imposition of sanctions pursuant to § 1927 is not warranted. While the plaintiff has not prevailed on the motion to disqualify, the court cannot find that the filing of the motion by plaintiff's attorney was so lacking in legal or factual basis as to be implausible. Nor is there any evidence that plaintiff's attorney has engaged in conduct which is a serious and studied disregard for the orderly process of justice. While plaintiff's motion to disqualify was not ultimately convincing, its legal and factual bases were, at least, plausible. *See Tuf–Flex Glass*, 715 F.2d at 298. Accordingly, the court denies defendants' motion for sanction pursuant to 28 U.S.C. § 1927.

In sum, the court denies defendants' motion for sanctions under rule 11. Moreover, defendants motion for sanctions under 28 U.S.C. § 1927 is likewise denied.

IT IS SO ORDERED.