**In re REGENSTEINER PRINTING COMPANY, a Delaware corporation, et al., Plaintiffs,**

v.

**GRAPHIC COLOR CORPORATION, et al., Defendants.**

**No. 92 C 1711.**

United States District Court, N.D. Illinois, E.D.

June 16, 1992.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge:

Professional incivility has become an issue of particular concern within the Seventh Circuit and the Northern District of Illinois. Final Report of the Committee on Civility of the Seventh Federal Judicial Circuit, at 3–5 (June 1992) [hereinafter "Final Report"]; *see also Castillo v. St. Paul Fire & Marine Ins. Co.*, 938 F.2d 776, 779 (7th Cir.1991).

> When a lawyer behaves uncivilly, contentiously opposing everything his opponent proposes, both litigants suffer because they must pay even higher attorneys' fees and the disposition of the case is delayed. It is no secret that a lawyer's contentiousness causes more work for the lawyers on both sides and slows down the progress of the litigation. And ... [there is not] a shred of evidence that such conduct advances the client's interests one iota.

Final Report, at 6 (comments to the Committee's Preliminary Report by a Seventh Circuit lawyer). A finding by the United States Bankruptcy Court for the Northern District of Illinois of such belligerence constitutes the gravamen of the current dispute. Presently before the court is an appeal filed by Regensteiner Printing Company ("Regensteiner") and Towbin & Zazove, Ltd. ("T & Z"), challenging the determination of the Bankruptcy Court that T & Z violated 28 U.S.C. § 1927. For the reasons set forth below, the judgment of the Bankruptcy Court is vacated.

## I. Background

In conjunction with its voluntary petition for relief under Chapter 11 of the Bankruptcy Code, filed in April of 1990, Regensteiner retained T & Z, with court approval, as its attorneys. Graphic Color Corporation ("Graphic") is a general unsecured creditor of Regensteiner, and has filed an unsecured claim in the amount of $11,814.30.

T & Z filed its first application for allowance of interim payment in October of 1990, seeking $195,000 in fees and expenses of $4,450. As such, the Bankruptcy Court issued a notice to creditors designating November 22, 1990 as the last date to file any objections to T & Z's fee application, and setting the matter for hearing on November 29, 1990. After receiving the notice, on November 19, 1990, Graphic telefaxed a copy of the notice to its attorneys, Birndorf & Birndorf. One day prior to the established deadline, Graphic's attorney filed an objection to the fee request, after only a cursory review of the notice and a brief discussion with Reta de Caneva, an employee of Graphic. Neither Graphic nor its attorneys reviewed T & Z's fee application prior to filing the objection; nor did they discuss the matter with Regensteiner's Official Unsecured Creditor's Committee (the "Committee") or with T & Z.

Three days prior to the hearing on T & Z's fee application, Glenfed Capital Corporation ("Glenfed"), Regensteiner's major secured creditor, stated in a Stipulation Settling § 506(c) Claim as to Certain Professional Fees that T & Z was entitled to $70,000 as a § 506(c) claim against Glenfed; thus, disagreeing with the extent of the § 506(c) fees requested. On November 29, 1990, the Bankruptcy Court approved the stipulation between Regensteiner and Glenfed, at which time counsel for the Committee requested a holdback of $30,000. Additionally, at the hearing Graphic chose not to present any evidence regarding its objection and, as such, the Bankruptcy Court continued the matter until December 13, 1990, in order to afford the parties the opportunity to resolve the objection. On December 13, 1990, the Court overruled Graphic's objection without prejudice. Accordingly, the Bankruptcy Court on December 21, 1990, entered an order granting T & Z $195,000 as interim compensation and expenses of $4,450. Consistent with the Committee's recommendation, the Court approved a $30,000 holdback.

In response to the objection, on December 13, 1990, T & Z filed a motion for sanctions against Graphic based on its "lack of reasonable inquiry." The tandem of Graphic's objection followed by T & Z's motion for sanctions touched off the following "paper war":

(1) November 29, 1990—T & Z directed a notice of deposition to Graphic and a subpoena for deposition of Daniel Austin, Graphic's attorney.

(2) November 29, 1990—Graphic served its first motion for a protective order seeking to avoid the deposition of Daniel Austin. In the motion, Graphic claimed that the purpose of the deposition was to harass Graphic.

(3) December 3, 1990—T & Z filed a motion to strike Graphic's objection to T & Z's first application for interim compensation. Further, T & Z filed its response to Graphic's motion for a protective order.

(4) December 5, 1990—The Bankruptcy Court denied T & Z's motion to strike and Graphic's motion for a protective order. T & Z deposed Daniel Austin.

(5) December 13, 1990—In addition to its motion for sanctions, T & Z filed its 18-page response to Graphic's objection to the fee application.

(6) December 18, 1990—Graphic filed a motion to suppress the deposition of Daniel Austin and to strike T & Z's motion for sanctions, claiming T & Z failed to procure Austin's signature on his deposition prior to presenting it to the Court. The Bankruptcy Court denied both motions.

(7) January 10, 1991—Graphic filed its response to T & Z's motion for sanctions, as well as a motion for sanctions against T & Z. Attached to the response is an affidavit of Reta de Caneva, an employee of Graphic.

(8) January 17, 1991—T & Z filed its motion to strike Graphic's motion for sanctions, alleging Graphic had failed to comply

with Rules 7(b)(1) and 8 of the Federal Rules of Civil Procedure.

(9) January 22, 1991—T & Z served a notice of deposition request for Reta de Caneva. The Bankruptcy Court denied Graphic's motion for sanctions against T & Z and granted Graphic leave to refile.

(10) January 25, 1991—Graphic filed its second motion for sanctions against T & Z.

(11) January 28, 1991—Graphic filed a motion for a protective order to bar the deposition of Reta de Caneva, arguing it is unnecessary and irrelevant.

(12) January 29, 1991—The Bankruptcy Court denied Graphic's motion for a protective order and struck its second motion for sanctions against T & Z.

(13) February 1, 1991—Graphic served T & Z with a notice of deposition of Steve Towbin, an attorney for Regensteiner at T & Z.

(14) February 11, 1991—T & Z deposed Reta de Caneva regarding her signed affidavit.

(15) February 19, 1991—Graphic filed its third motion for sanctions against T & Z. T & Z filed its reply memorandum in support of its motion for sanctions.

(16) February 21, 1991—T & Z filed a motion to strike the affidavit of Reta de Caneva based upon her testimony during her deposition.

(17) March 4, 1991—T & Z filed its response in opposition to Graphic's motion for sanctions.

(18) March 15, 1991—Graphic filed an amendment to the affidavit of Reta de Caneva.

(19) March 18, 1991—Graphic filed its reply memorandum in support of its motion for sanctions, and its response in opposition to T & Z's motion to strike the affidavit of Reta de Caneva and for sanctions.

(20) March 19, 1991—Graphic filed a motion to strike T & Z's reply memorandum in support of its motion for sanctions against Graphic. The Bankruptcy Court denied the motion to strike and granted Graphic fourteen days to file a surreply.

(21) March 28, 1991—T & Z filed its reply memorandum in support of its motion

to strike the affidavit of Reta de Caneva and for sanctions.

(22) March 28, 1991—T & Z hand delivered to chambers a copy of an additional authority in support of its response in opposition to Graphic's motion for sanctions pursuant to Local Rule XX(d).

(23) April 3, 1991—Graphic hand delivered to T & Z a letter berating T & Z's practice of submitting supplemental materials to the Court without the courtesy of providing opposing counsel with a copy, and refusing a direct request by Graphic that it be provided with a copy of the cited case.

(24) April 4, 1991—Graphic filed its surreply to T & Z's reply.

In an order dated August 12, 1991, the Bankruptcy Court addressed the following matters: (i) T & Z's motion to strike the affidavit of Reta de Caneva and for sanctions; (ii) T & Z's motion for sanctions against Graphic; and (iii) Graphic's motion for sanctions against T & Z. The Court denied T & Z's motion to strike the affidavit of de Caneva and for sanctions. With regard to the parties' cross-motions for sanctions, the Court concluded that Graphic had violated Bankruptcy Rule 9011, and ordered T & Z to file an application for fees for defending the objection and for preparing and presenting its motion for sanctions. Additionally, the Bankruptcy Court held that both Graphic and T & Z had violated 28 U.S.C. § 1927; based on the mutual transgressions, however, no monetary sanctions were imposed. Regensteiner and T & Z now appeal the Bankruptcy Court's finding that T & Z violated 28 U.S.C. § 1927.

## II. Discussion

■ Section 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (Supp.1992). Sanctions under § 1927 are appropriate against an attorney who "has acted in an objectively unreasonable manner by engaging in a 'serious and studied disregard for the orderly process of justice' or where a claim is without plausible factual or legal basis and lacking in justification." *Walter v. Fiorenzo,* 840 F.2d 427, 433 (7th Cir.1988); *see also Knorr Brake Corp. v. Harbil, Inc.,* 738 F.2d 223, 226–27 (7th Cir.1984); *Harriston v. Chicago Tribune Co.,* 136 F.R.D. 482, 485 (N.D.Ill.1991). As a punitive measure, § 1927 must be construed strictly and imposed only "to penalize attorneys who engage in dilatory conduct." *Harriston,* 136 F.R.D. at 485 (citing *Knorr,* 738 F.2d at 226).

In the instant case, the Bankruptcy Court concluded that "[a]fter [Graphic's] Objection was overruled and T & Z's Motion for Sanctions was filed, ... both parties unreasonably and vexatiously multiplied the proceedings." *In re Regensteiner Printing Co.,* No. 90 B 4616, slip op. at 15 (Bankr.N.D.Ill. Aug. 12, 1991). In support of the finding that T & Z violated § 1927, the Court specifically cited (1) T & Z's decision to depose Reta de Caneva as unnecessary substantiation for its motion for sanctions, (2) T & Z's motion to strike the affidavit of de Caneva, and (3) both of T & Z's motions to strike Graphic's motion for sanctions. The gravamen of T & Z's present argument is that the Bankruptcy Court's conclusion constitutes "an abuse of discretion." *See Samuels v. Wilder,* 906 F.2d 272, 275 (7th Cir.1990) (the decision to award sanctions under § 1927 is reviewed under an abuse of discretion standard); *Harriston,* 136 F.R.D. at 485 (same). Were this the only issue affecting the outcome of this appeal, Regensteiner and T & Z would surely leave this forum empty-handed; based on a careful review of the record, it is apparent that a reasonable person could agree with the Bankruptcy Court's determination. However, because we conclude that the Bankruptcy Court lacks jurisdiction to impose sanctions under § 1927, this court need not address the issue of whether the Bankruptcy Court's finding amounts to an abuse of discretion.

■ The question of whether the Bankruptcy Court possesses jurisdiction to impose sanctions under § 1927 hinges on whether that court is a "court of the United States" as employed in the statute. We conclude that it is not. For the definition of "court of the United States," the Historical and Revision Notes to § 1927 refer to 28 U.S.C. § 451. Section 451 provides in pertinent part:

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter five of this title, including the Court of International Trade and any court created by Act of Congress the judges of which are entitled to hold office during good behavior.

28 U.S.C. § 451 (Supp.1992). Bankruptcy judges are not entitled to hold office during good behavior, but rather serve a specified term of fourteen years. 28 U.S.C. § 152(b) (Supp.1992). Accordingly, the Bankruptcy Court is not a "court of the United States" and, as such, does not have the authority to impose sanctions for vexatious and multiple filings under § 1927. *In re Richardson,* 52 B.R. 527, 531–32 (Bankr.W.D.Mo. 1985) (Bankruptcy Court not a "court of the United States" for purposes of § 1927); *see also In re Arkansas Communities, Inc.,* 827 F.2d 1219, 1221 (8th Cir.1987) ("we agree with the appellants that it is questionable whether a bankruptcy court falls within the definition of 'courts of the United States' for purposes of imposing sanctions against attorneys under [§ 1927]"); *In re Memorial Estates, Inc.,* 132 B.R. 19, 20–21 n. 1 (N.D.Ill.1991) (Duff, J.) (finding doubts regarding whether § 1927 authorizes bankruptcy courts to impose sanctions "well grounded"); *In re Memorial Estates, Inc.,* 116 B.R. 108, 110 (N.D.Ill.1990) (Plunkett, J.) (finding "questionable whether the bankruptcy court would be able to impose sanctions upon anyone under § 1927"); *In re Memorial Estates,* 89 C 3719, 89 C 5833, Transcript of Proceedings (N.D.Ill. Nov. 7, 1989) (Shadur, J.) (same).

We are mindful of the Seventh Circuit's decision in *In re TCI Ltd.,* 769 F.2d 441 (7th Cir.1985), in which the court affirmed

a bankruptcy court's award of sanctions under § 1927. However, as stated in *In re Memorial Estates, Inc.*, 950 F.2d 1364, 1369 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 2969, 119 L.Ed.2d 589 (1992): "Although we upheld a bankruptcy court's imposition of a sanction under § 1927, in *In re TCI Ltd.*, ... we did not discuss the court's jurisdiction to impose the sanction." To date, this issue has yet to be resolved by the Seventh Circuit.

This court is also cognizant of the fact that numerous bankruptcy courts have routinely imposed sanctions under § 1927.[1] However, it is well settled that a bankruptcy court could sanction counsel and his client for vexatious and improper filings under Bankruptcy Rule 9011,[2] the bankruptcy equivalent of Fed.R.Civ.P. 11. *See In re Memorial Estates, Inc.*, 950 F.2d at 1370; *In re Arkansas Communities, Inc.*, 827 F.2d at 1221–22; *In re Memorial Estates, Inc.*, 116 B.R. at 111. Moreover, pursuant to 11 U.S.C. § 105,[3] bankruptcy courts are empowered to impose sanctions on parties and counsel who wilfully abuse the judicial process. *In re Memorial Estates, Inc.*, 132 B.R. at 21. Therefore, to the extent that the empirical practice of the Bankruptcy Court informs this court's decision—and, as we construe the relevant statutes, it does not—alternative authority exists for imposing sanctions based on the behavior as described by the Court in the instant case.

---

1. For a partial list of the many cases in which bankruptcy courts have imposed sanctions pursuant to § 1927, see *In re Regensteiner*, slip op. at 15 n. 3.

2. Bankruptcy Rule 9011 provides in relevant part:

 Every petition, pleading, motion and other paper served or filed in a case under the Code ... shall be signed by at least one attorney of record.... The signature of an attorney ... constitutes a certificate that the attorney ... has read the document; that to the best of the attorney's ... knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; *and that it is not interposed for any improper purpose, such as to harass, to cause delay, or to increase the cost of litigation*.....

## III. Conclusion

For the reasons set forth above, the ruling of the Bankruptcy Court that T & Z violated 28 U.S.C. § 1927 is vacated. It is so ordered.

If a document is signed in violation of this rule, the court on motion or on its own initiative, shall impose on the person who signed it, the represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including a reasonable attorney's fee.

3. 11 U.S.C. § 105 provides in pertinent part:

 The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.