James B. GEITZ, Plaintiff–Appellant,

v.

John LINDSEY, Dennis Bevirt and Michael Boyne, Defendants–Appellees.

No. 88–1742.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 1, 1989.
Decided Jan. 19, 1990.

Joseph L. Fogel, Jerold S. Solovy, David M. Greenwald (argued), Jenner & Block, Chicago, Ill., for plaintiff-appellant.

James B. Geitz, Menard Correctional Center, Menard, Ill., pro se.

Thomas O. Falb (argued), Williamson, Webster, Groshong, Moorman & Falb, Alton, Ill., for defendants-appellees.

Before CUMMINGS, FLAUM and KANNE, Circuit Judges.

FLAUM, Circuit Judge.

This appeal arises out of an action filed by the plaintiff under 42 U.S.C. § 1983 alleging the use of excessive force by several police officers in apprehending him during his unsuccessful attempt to escape from police custody. The plaintiff contends that the district court abused its discretion in admitting into evidence testimony regarding the specific details of the charges pending against him and of other unrelated prior convictions. We affirm.

On December 12, 1983, the plaintiff, James B. Geitz, was arrested by several officers of the Belleville Police Department for the felonies of home invasion, deviate sexual assault and aggravated indecent liberties with a child. At the time of the arrest, the officers were aware of the underlying details of the felony charges and also that Geitz had recently been released on bond for charges in Missouri of sodomy, burglary, and robbery. They also knew that he previously had been declared a sexual psychopath in the State of Illinois. The officers transported Geitz to the Belleville police station where one of the the arresting officers informed him that one of the victims of the sex crimes could identify him. Immediately thereafter, Geitz attempted to escape from police custody. While fleeing the station, numerous warnings were made that if he did not stop, he would be shot. Nevertheless, he continued his flight. Police officers, including the defendants, opened fire and shot him in the abdomen and in the back. Geitz was then taken to a nearby hospital for treatment.

On December 10, 1985, Geitz filed a complaint in the United States District Court for the Southern District of Illinois against several police officers and the City of Belleville alleging that the defendants violated his civil rights pursuant to 42 U.S.C. § 1983 by using excessive force in apprehending him during his escape attempt. At the time of trial, only the defendants named in this appeal, Officers Lindsey, Boyne and Bevirt, remained as defendants.

Prior to the § 1983 trial, Geitz was convicted of the charges for which he was arrested by the Belleville police. In the instant action, Geitz filed a motion *in limine* pursuant to Rules 403 and 609 of the Federal Rules of Evidence requesting that the district court preclude the defendants from adducing any evidence concerning the nature of the charges against Geitz at the time that he was being held in custody at the Belleville station. He further requested that the district court bar the defendants from introducing into evidence his convictions for those charges for the purpose of impeaching his credibility.

The defendants opposed the plaintiff's motion. They raised the statutory defense of Illinois Revised Statutes, Chapter 38, Section 7–5 (1983), namely, that deadly force can be used by a police officer when the police officer reasonably believed that such force was necessary to prevent death or great bodily harm to himself or to other persons, or when he believed that such force was necessary to prevent the escape of a person who was a forcible felon, or there were other indications that the person escaping would endanger human life or inflict great bodily harm unless arrested

without delay.[1] This statutory defense requires the jury to determine what a reasonable officer would have done based on the facts known to him at the time of the incident in question. The defendants argued that because the specific details of the pending charges and prior convictions were known to them at the time of the shooting, they must be allowed to present such evidence to the jury.

The district court granted Geitz's motion in part and denied it in part. The court allowed the use of the felony convictions for impeachment purposes but barred the defendants from "eliciting any testimony or introducing any evidence as to, or making any argument based on, the specific details of the crimes involved." The court further stated, however, that the defendants were permitted to "show the general nature of the charges against the plaintiff at the time of his arrest, what those charges involved in general terms, and the plaintiff's subsequent conviction thereon."

The case was then tried before a jury which returned a verdict in favor of the defendants. The trial court denied Geitz's motion to vacate its judgment entered on the verdict. He appeals.

The single issue presented by this appeal is whether the district court committed reversible error by admitting evidence of, and allowing argument as to, the details of the criminal charges pending against Geitz and other unrelated prior convictions. Geitz points to the following details, among others, which the defense was allowed to bring into evidence: the names and ages of the victims of the crimes for which he was being held at Belleville station; the specific physical evidence allegedly used in the

commission of the crimes; the location of the crime scenes; the means by which Geitz allegedly gained entry to the crime scenes; and Geitz's behavior during interrogation upon learning what one of the victims told an officer during questioning. He argues that this evidence constituted "specific details of [his] criminal act" in derogation of the court's pretrial order and that the court erred in admitting the evidence because any probative value the evidence possessed relating to the defendants' state of mind was substantially outweighed by the prejudicial effect of the evidence. He claims that this evidence was offered solely to prejudice the jury and shift the focus of the trial from the reasonableness of the defendants' actions to his criminal past.

▪ Geitz bears a heavy burden in seeking to have this Court overrule the district court's evidentiary decisions. Our standard of review in determining whether the district court committed reversible error in either the admission or exclusion of evidence is abuse of discretion. *Nachtsheim v. Beech Aircraft Corp.,* 847 F.2d 1261, 1266 (7th Cir.1988); *United States v. Garner,* 837 F.2d 1404, 1416 (7th Cir.1987). This Court has recognized that the "trial court's balancing of probative value and unfair prejudice is highly discretionary and its decision on admissibility will be accorded 'great deference.'" *Rascon v. Hardiman,* 803 F.2d 269, 278 (7th Cir.1986) (quoting *West v. Love,* 776 F.2d 170, 174 (7th Cir.1985)). "Under the 'abuse of discretion' standard of review, the relevant inquiry is not how the reviewing judges would have ruled if they had been consider-

1. Illinois Revised Statutes, Chapter 38, Section 7-5, states in pertinent part:

(a) A peace officer, or any other person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he reasonably believes is necessary to defend himself or another from bodily harm while making the arrest. However, he is justified in using force likely to cause death or great bodily harm when he reasonably believes that such force is necessary to prevent death or

great bodily harm to himself or such other person, or when he reasonably believes both that:

(1) Such force is necessary to prevent the arrest from being defeated by resistance or escape; and

(2) The person to be arrested has committed or attempted a forcible felony which involves the infliction or the attempted infliction of great bodily harm or is attempting to escape by use of a deadly weapon, or otherwise indicates that he will endanger human life or inflict great bodily harm unless arrested without delay.

ing the case in the first place, but rather whether *any* reasonable person could agree with the district court." *Nachtsheim*, 847 F.2d at 1266 (quoting *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 573 (7th Cir.1984)).

We believe that the trial court did not abuse its discretion in allowing the limited use of the details of the plaintiff's pending offenses and prior convictions. The court correctly found that for the jury to determine the reasonableness of the defendants' actions, it must evaluate the defendants' conduct in light of what the defendants knew at the time of the shooting. It is uncontested that the defendants were aware of the specific details of Geitz's offense and of his prior unrelated convictions. Fully aware of the potential prejudice to the plaintiff inherent in the evidence, the court had to carefully balance the competing concerns of the prejudicial effect of the evidence with the defendants' need to show what they knew at the time of the shooting in order to allow the jury to assess the reasonableness of their actions. We believe the trial court's determination that the defendants could adduce evidence only regarding the "general nature of the charges ... [and] what those charges involved in general terms" fairly and adequately protected the plaintiff from unfair prejudice. Contrary to Geitz's adamant protestations, the district court's rulings prevented the defendants from shifting the focus of the trial from the reasonableness of the defendants' actions to his criminal past. This was not a case where the defendants were permitted to "harp on the [plaintiff's] crime, parade it lovingly before the jury in all its gruesome details, and thereby shift the focus of attention from the events at issue to the [plaintiff's] conviction in a prior case." *Hernandez v. Cepeda*, 860 F.2d 260, 264 (7th Cir.1988) (quoting *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir.1987)). The trial court's evidentiary rulings permitted the jury to hear relevant evidence regarding the defendants' state of mind while at the same time ensured that the plaintiff was not unfairly prejudiced by his criminal past.

Geitz also contends that the district court committed reversible error in permitting defense counsel to exceed the permissible scope of impeachment by prior convictions by admitting into evidence the details of his prior unrelated convictions. Geitz correctly points out that where a prior conviction is offered to impeach a witness, this Court has held that "[e]ssentially all the information that the cross-examiner is allowed to elicit is the crime charged, the date, and the disposition." *Campbell v. Greer*, 831 F.2d 700, 707–08 (7th Cir.1987). Geitz's claim is without merit, however, because most of the evidence concerning his prior convictions was offered or admitted not for impeachment purposes, but instead to show the defendants' state of mind at the time of the shooting.

This Court has recognized "that civil rights actions often pit unsympathetic plaintiffs-criminals, or members of the criminal class ... against the guardians of the community's safety, yet serve an essential deterrent function." *Llugano v. Mingey*, 763 F.2d 1560, 1569 (7th Cir.1985), *cert. dism'd.*, 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986). We are mindful of our duty to ensure that this class of civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them. Nevertheless, this case does not present such a situation. The trial court did not abuse its discretion in resolving the evidentiary dilemma presented by permitting the defendants to elicit general details about the plaintiff's pending charges and prior unrelated convictions. Accordingly, the plaintiff's claims are rejected and the trial court's denial of the motion to vacate is

AFFIRMED.