908 F.2d 975
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald E. HUNZIKER and Joan E. Hunziker, Plaintiffs-Appellants,
v.
GERMAN-AMERICAN STATE BANK, an Illinois Corporation, James
Schneiderman, Jeff Sibley, James Butler, Francis X. Mahoney,
Peter D. McClanathan, Oefelein, Rundall, Mr. Clark, C.
Roberts, Schmelzle & Kroeger Law Offices, Glenn Borneman,
Bill Lomax, Ted Long, Vail Nortridge, Marsden Wilhelms and
W.L. Kroeger, Defendants-Appellees.
 No. 88-3160.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 20, 1990.*
Decided July 10, 1990.
Rehearing and Rehearing En Banc Denied Sept. 4, 1990.
 
 Before RICHARD D. CUDAHY, FRANK H. EASTERBROOK and DANIEL A. MANION, Circuit Judges.
 
 ORDER
 
 1
 The Hunzikers appeal the district court's decision in their civil rights claims against an Illinois circuit judge, a county sheriff and three of his deputies, the German-American State Bank, and its employees and attorney. Hunziker v. German-American State Bank, 697 F.Supp. 1007 (N.D.Ill.1988). For the reasons stated below, we affirm.
 
 I.
 
 2
 The procedural history is set forth succinctly in the district court's decision. 697 F.Supp. at 1008-09. We recite only those facts germane to the appeal.
 
 
 3
 The Hunzikers defaulted on a loan of $290,000 in February 1985. The bank, learning that the Hunzikers had sold livestock in which it had a security interest, began ex parte replevin proceedings against the Hunzikers. Ill.Stat. chap. 110, Sec. 19-106 (exception to notice and hearing requirement for replevin actions). Judge Mahoney issued a writ of replevin permitting the bank to seize the Hunzikers' secured property and set the hearing for entry of the order for April 15, 1985. Sheriff Oefelein and his deputies seized the property on April 11, 1985.
 
 
 4
 The Hunzikers attempted to remove the case to federal court the day of the hearing. The district court denied leave to remove; the order was hand-delivered to the state circuit court that day. Judge Mahoney held a hearing on the issue of whether the bank could immediately sell the livestock, based on the bank's emergency motion. The judge granted Mr. Hunziker's motion for a continuance in order to obtain an lawyer on the larger issue of whether the writ properly issued. After a second continuance requested by the Hunzikers' counsel, the court considered the propriety of the ex parte proceedings and motions by the Hunzikers' counsel. In August, the bank agreed to accept the sale proceeds in lieu of payment in full of the defaulted loans; the Hunzikers waived their right to sue the bank. The Hunzikers moved the court to accept this handwritten settlement agreement, which had been signed by all parties on August 2, 1985. After a hearing, Judge Mahoney drafted a final judgment order, and held a second hearing about the settlement agreement in November 1985.[1] The parties accepted the terms of the order and it was entered. A month later, the Hunzikers filed several motions to have the settlement set aside and the paragraph releasing the bank from liabilities stricken. When these motions were denied, the Hunzikers appealed.[2] Before the state appellate court handed down its decision, the Hunzikers filed an action against the appellees pursuant to 42 U.S.C. Secs. 1983, 1985, and 1986, as well as Fed.R.Civ.P. 60(b).
 
 
 5
 The district court dismissed the Secs. 1985 and 1986 claims for failure to state a colorable action based on race, sex, religion or political loyalty, and dismissed the claims against Judge Mahoney on the basis of judicial immunity, pursuant to Fed.R.Civ.P. 12(b)(6). Hunziker, 697 F.Supp. at 1011-12. The district court granted summary judgment in favor of the sheriff and deputies based on their qualified immunity, and in favor of the bank and its privies based on the principle of res judicata. Id. at 1013-15. The Hunzikers timely appealed.
 
 II.
 
 6
 A. Judicial Immunity and the Rule 12(b)(6) Dismissal[3]
 
 
 7
 We review de novo the district court's dismissal for failure to state a claim upon which relief could be granted. Gregory v. Nunn, 895 F.2d 413, 414 (7th Cir.1990); Villegas v. Princeton Farms, Inc, 893 F.2d 919, 924-25 (7th Cir.1990). If Judge Mahoney can claim judicial immunity, a Rule 12(b)(6) dismissal is appropriate. See Williams v. Faulkner, 837 F.2d 304, 307 n. 5 (7th Cir.1988), aff'd sub. nom. Nietzke v. Williams, 491 U.S. ---, 109 S.Ct. 1827 (1989) (citing Williams v. Goldsmith, 701 F.2d 603 (7th Cir.1983) (per curiam)).
 
 
 8
 The Hunzikers allege that Judge Mahoney was not entitled to judicial immunity when he heard the replevin action ex parte and signed the replevin order.[4] A judge is only immune from damages due to judicial actions, not ministerial or administrative actions. See Forrester v. White, 484 U.S. 219, 228-29 (1988); Stump v. Sparkman, 435 U.S. 349 (1978); Eades v. Sterlinske, 810 F.2d 723, 725-26 (7th Cir.1987), cert. denied, 484 U.S. 1874 (1988). Holding a hearing and signing orders are judicial functions and Judge Mahoney is immune from damages resulting from these actions.[5]
 
 
 9
 However, the Hunzikers aver that Judge Mahoney acted outside his jurisdiction and so cannot properly avail himself of the affirmative defense of immunity. The Hunzikers assert that Judge Mahoney lacked jurisdiction because the complaint was not properly signed by an attorney, but by the bank president. But irregularities in following state procedures do not divest a court of its jurisdiction. Stump, 435 U.S. at 359.
 
 
 10
 The Hunzikers additionally allege that Judge Mahoney lacked jurisdiction to hold the April 15th hearing because they had attempted to remove the replevin action to federal court. The state appellate court found that the circuit court retained jurisdiction as the federal court declined to permit removal. This issue is therefore res judicata for our purposes. Henry v. Farmer City State Bank, 808 F.2d 1228, 1234 (7th Cir.1986), and cases cited therein. Judge Mahoney therefore did not act outside his jurisdiction when he ruled on April 15th that the bank could sell the livestock; he is immune.
 
 
 11
 B. Immunity of the Sheriff and Deputies and Summary Judgment
 
 
 12
 We also review the district court's granting of summary judgment de novo. See International Broth. of Boilermakers v. Local D354, 897 F.2d 1400, 1406 (7th Cir.1990); Puckett v. Soo Line R.R. Co., 897 F.2d 1423, 1425 (7th Cir.1990). The sheriff and deputies are properly awarded summary judgment if there are no material issues of fact and they are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Whetstine v. Gates Rubber Co., 895 F.2d 388, (7th Cir.1990) (citations omitted).
 
 
 13
 The Hunzikers argue that the sheriff and deputies deprived them of property without due process when they took possession of the secured chattels on the basis of the writ of replevin. The district court found this court's reasoning in Henry controlling. "[S]heriffs and other court officers who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit for Sec. 1983 damages." 808 F.2d at 1239; see also Dellenbach v. Letsinger, 889 F.2d 755, 762 n. 7 (7th Cir.1989) (citing Henry, 808 F.2d at 1238). The Hunzikers assert that the writ was not facially valid because the attached bond was unsecured; we disagree. The writ itself was proper, and the state court later (in June 1985) required the bank to secure the bond. The sheriff, who accepted the original bond and his deputies were entitled to quasi-judicial immunity; summary judgment was proper.
 
 
 14
 C. Summary Judgment for the Bank and its Officers and Employees
 
 
 15
 The district court found that these defendants were entitled to summary judgment on the principle of res judicata. The principle, and the related principle of collateral estoppel, are applicable to Sec. 1983 actions. Allen v. McCurry, 449 U.S. 90 (1980); Farmer v. Lane, 864 F.2d 473, 476 (7th Cir.1988) (citing Allen and other cases). As explained in LaSalle Nat'l Bank of Chicago v. DuPage County, 856 F.2d 925 (7th Cir.1988), and Henry, 808 F.2d at 1235, if the same issues were raised or could have been raised in the state proceedings, then the issues are res judicata as between the parties common to both the state and federal proceedings.
 
 
 16
 When the Hunzikers entered into a settlement, they waived a final trial on the merits of the replevin action, where they could have raised the issue of fraud.[6] In October 1985, the Hunzikers raised some of their current constitutional claims concerning the ex parte hearing. The motion addressing these claims was denied, and the Hunzikers later waived the issues by affirming the settlement agreement and relinquishing their right to further adjudication of the case. See Torres v. Rebarchak, 814 F.2d 1219, 1223 (7th Cir.1987) (applying Illinois law, res judicata "applies even if the dismissal was the result of a settlement or compromise between the parties") (citations omitted).
 
 
 17
 The additional defendants can also avail themselves of a res judicata defense. In Henry, this court permitted the defendants in the federal action (bank officers, directors, attorneys, and employees, as here) to successfully allege res judicata based on their privity to the bank that was a named party to the state foreclosure action. 808 F.2d at 1235 n. 6. The same reasoning applies here; the district court properly granted summary judgment to the remaining defendants.
 
 D. Disposition of Other Motions
 
 18
 We review the district court's denial of the Hunzikers' motions for discovery and to amend their complaint for abuse of discretion. Dole v. Local 1942, IBEW, 870 F.2d 368, 371 (7th Cir.1989) (discovery); Jones v. Pismos, 882 F.2d 1277, 1285 (7th Cir.1989) (complaint amendment). The inquiry is " 'whether any reasonable person could agree with the district court.' " Geitz v. Lindsey, 893 F.2d 148, 151 (7th Cir.1990) (quoting Nachtsheim v. Beech Aircraft Corp., 847 F.2d 1261, 1266 (7th Cir.1988)).
 
 
 19
 The Hunzikers claim that the court should have permitted discovery on the issue of a conspiracy and the attempted removal of the replevin action to federal court, without specifying why the court should have done so. We find no abuse of discretion in the record. The Hunzikers also assert that the court abused its discretion in denying their motion to amend the complaint because the amended complaint "did not raise new claims for relief and merely extended detail to earlier allegations." The district court described the original complaint as "not a model of clarity ... interspers[ing] theories for relief throughout a long (48 pages), contentious, and often picturesque narrative of the facts underlying their case." Hunziker, 697 F.Supp. at 1010 n. 4. No abuse of discretion occurred in the court's denial of the Hunzikers' Fed.R.Civ.P. 15(a) motion.[7]
 
 III.
 
 20
 For the foregoing reasons, the decision of the district court is hereby
 
 
 21
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 At that time, the Hunzikers, appearing pro se, submitted a motion objecting to entry of final judgment in favor of the bank. They urged that they had been denied fourth, fifth, ninth, and fourteenth amendment rights (substantive and procedural due process and equal protection); that the replevin statute violated due process pursuant to Fuentes v. Shevin, 407 U.S. 67 (1972); that they were misrepresented by their attorney; and that the judgment was due to error or fraud perpetrated on the court by the bank. However, the judge denied this motion when the Hunzikers admitted in open court that they had signed the handwritten agreement and did want it enforced
 
 
 [2]
 Eventually, they petitioned the Supreme Court, denied certiorari. Hunziker v. German-American State Bank, 485 U.S. 1011 (1988)
 
 
 [3]
 The Hunzikers do not appeal the district court's dismissal of their Secs. 1985 and 1986 claims
 
 
 [4]
 A majority of the Hunzikers' appellate brief is dedicated to decrying the concept of judicial immunity and explaining the Supreme Court's erroneous reliance on English common law and American legislative history to justify applying the doctrine to Sec. 1983 cases. We decline to address the Hunzikers' contentions concerning the concept of judicial immunity
 
 
 [5]
 The Hunzikers also contend that because they did not receive notice and an opportunity to be heard, the judge violated their due process rights. See Fuentes v. Shevin, 407 U.S. 67, 96-97 (1972); Goldberg v. Kelly, 397 U.S. 254 (1970). The Hunzikers are attacking the Illinois statute which creates an exception for prior notice and an opportunity to be heard in replevin actions, since Judge Mahoney acted pursuant to this statute. Ill.Stat. chap. 110, Sec. 19-106. Because the Hunzikers made and then waived this argument in state court, it is res judicata. See Henry v. Farmer City State Bank, 808 F.2d 1228, 1234 (7th Cir.1986) (citing Illinois cases concerning res judicata )
 
 
 [6]
 They attempted to raise a particular issue of fraud based on the fact that the bank did not loan money, but credit, in their motion to reconsider or vacate the settlement agreement. In the district court, they raised the issue that Mr. Hunziker's signature was forged on one of the security agreements. This issue, too, could have been raised in the Illinois proceedings and is barred
 
 
 [7]
 The Hunzikers lastly allege that the district court denied their access to the courts by not allowing them to submit additional filings. The claim is without merit, particularly considering the numerous filings that the district court did accept. See Hunziker, 697 F.Supp. at 1010 n. 4