**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1177
_____

In re: IMMC CORPORATION, f/k/a Immunicon
Corporation, et al.,

Debtors

ROBERT F. TROISIO, as Liquidating Trustee of
IMMC Corporation, f/k/a Immunicon Corporation,

Appellant

v.

EDWARD L. ERICKSON; BYRON HEWETT; LEON
TERSTAPPEN; JAMES L. WILCOX; ELIZABETH E.
TALLETT; J. WILLIAM FREYTAG; ZOLA P.
HOROVITZ; JAMES G. MURPHY; BRIAN GEIGER;
JONATHAN COOL; ALLEN J. LAUER

_____

On Appeal from the United States District Court
for the District of Delaware
(District Court No.: 1-15-cv-01043)
District Judge: Honorable Gregory M. Sleet

_____

Argued July 12, 2018


Before: SHWARTZ, ROTH, and RENDELL, *Circuit Judges*


(Opinion Filed: November 28, 2018)

Mara Beth Sommers        [ARGUED]
Bales, Sommers & Klein, P.A.
2 South Biscayne Boulevard
One Biscayne Tower Suite 1881
Miami, Florida 33131

  *Counsel for Appellant Robert F. Troisio*


Michael Eidel
Clair E. Wischusen        [ARGUED]
Fox Rothschild LLP
2700 Kelly Road, Suite 300
Warrington, PA 18976

  *Counsel for Appellees*

―――――――――

O P I N I O N
―――――――――

**RENDELL**, *Circuit Judge*:

This appeal requires us to decide whether the Bankruptcy Court for the District of Delaware had the authority to transfer an adversary proceeding to the District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1631. While the issue as presented would have us determine whether the Bankruptcy Court is a "court" under 28 U.S.C. § 610, we adopt a different rationale in upholding the orders of the Bankruptcy Court and the District Court. Because the Bankruptcy Court lacked power to adjudicate the adversary proceeding brought by the trustee, its transfer of the adversary proceeding would have been *ultra vires*. Thus, the Bankruptcy Court correctly denied the motion to transfer the adversary proceeding.

**I.**

In 2008, IMMC Corporation filed a petition for relief under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Delaware. Appellant was appointed as the liquidating trustee under the plan of liquidation approved by the Court. In 2010, the trustee filed an adversary proceeding in the Bankruptcy Court, alleging that Appellees, IMMC's former officers and directors, had breached their fiduciary duties by pursuing a risky and costly litigation strategy in an unrelated suit against a competitor, overcompensating themselves in the process.

In December 2011, the Bankruptcy Court held that it lacked jurisdiction to hear the claims asserted in the adversary proceeding. *See Troisio v. Erickson (In re IMMC Corp.)*, Ch. 11 Case No. 08-11178 (KJC), Adv. No. 10-53063-KJC, 2011 WL 6832900 (Bankr. D. Del. Dec. 29, 2011). The Court rejected the notion that the adversary proceeding was a "core" proceeding. *Id.* at *2-4. It also rejected the trustee's argument that the adversary proceeding was a non-core proceeding "related to" a Chapter 11 case because the claims in the adversary proceeding lacked a "close nexus" to the Chapter 11 plan. *Id.* at *2, *4; *see Resorts Int'l, Inc. Litig. Tr. v. Price Waterhouse (In re Resorts Int'l, Inc.)*, 372 F.3d 154, 168-69 (3d Cir. 2004) (after plan confirmation, a bankruptcy court's "related to" jurisdiction is limited to matters in which "there is a close nexus to the bankruptcy plan or a proceeding, as when a matter affects the interpretation, implementation, consummation, execution, or administration of a confirmed plan or incorporated litigation trust agreement"). The trustee did not appeal that ruling.

After briefing and a separate hearing, the Bankruptcy Court considered the trustee's request that the Bankruptcy Court transfer the adversary proceeding to the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1631, which provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a

4

want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

According to 28 U.S.C. § 610:

As used in this chapter the word "courts" includes the courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade.

The trustee urged that the legislative history of both statutes evidenced Congressional intent to authorize bankruptcy courts to transfer proceedings under § 1631. Section 1631's legislative history states that the statute was "broadly drafted to permit transfer between *any two federal courts*." S. Rep. No. 97-275, at 11 (1981) (emphasis added).

And § 610 was amended in 1978 to explicitly include bankruptcy courts. *See* 28 U.S.C.A. § 610 "Historical and Statutory Notes," referencing Pub. L. 95-598, 92 Stat. 2665. Congress rescinded the 1978 Amendment when it enacted sweeping changes to the Bankruptcy Code in 1984, thus deleting the reference to bankruptcy courts. But, it simultaneously amended the Code to provide that bankruptcy judges "shall constitute a unit of the district court to be known as the bankruptcy court for that district." Pub. L. No. 98-353, 98 Stat. 333 (codified as amended at 28 U.S.C. § 151). The trustee contended that Congress removed bankruptcy courts from § 610 because, after the 1984 changes designating bankruptcy courts as "units" of the district courts, it would have been redundant to include both bankruptcy and district courts in the language of § 610.

The Bankruptcy Court denied the trustee's motion to transfer. *Troisio v. Erickson (In re IMMC Liquidating Estate)*, Bankr. No. 08-11178 (KJC), 2012 WL 523632 (Bankr. D. Del. Feb. 14, 2012). Its reasoning was simple: 28 U.S.C. § 1631 refers to "court[s] as defined in section 610," and the definition of courts in 28 U.S.C. § 610 does not include bankruptcy courts. *In re IMMC Liquidating Estate*, 2012 WL 523632, at *2. Therefore, the Bankruptcy Court reasoned, it lacked authority to transfer the adversary proceeding under § 1631. *Id.* It concluded that the plain text of § 1631, which referred only to "courts as defined in section 610," controlled. 28 U.S.C. § 1631. Moreover, its view of the legislative history was quite different from that of the trustee. Namely, it opined that Congress's decision to remove bankruptcy courts from § 610 was an intentional withdrawal of bankruptcy courts' transfer power. *In re IMMC Liquidating Estate*, 2012

6

WL 523632, at *2. The Bankruptcy Court also dismissed as dicta language in a footnote of a prior Third Circuit opinion, which suggested that bankruptcy courts could transfer actions under § 1631. *Id.*; *see Geruschat v. Ernst Young LLP* (*In re Seven Fields Dev. Corp.*), 505 F.3d 237, 247 n.8 (3d Cir. 2007) ("[W]e take note of 28 U.S.C. § 1631 which provides that when a civil action is filed with a district court (of which the bankruptcy court is a unit) with a want of jurisdiction the court shall in the interest of justice transfer the case to a court in which it could have been filed originally.").

Although the Bankruptcy Court denied the trustee's motion to transfer, it allowed him to file a motion to withdraw the reference in the District Court, which clearly fell within § 610's definition of courts, so that it could consider a motion to transfer the adversary proceeding under § 1631. *In re IMMC Liquidating Estate*, 2012 WL 523632, at *4. However, the District Court denied the motion. *Troisio v. Erickson (In re IMMC Corp.)*, Civ. No. 12-406-GMS (D. Del. Feb. 9, 2015), ECO N. 11. The District Court reasoned that, because the Bankruptcy Court lacked jurisdiction over the adversary proceeding, the action was never properly referred to the Bankruptcy Court, and the District Court could not withdraw the reference of a proceeding that was never referred. *See Id.* at 2-3 ("[T]he district court may withdraw in whole or in part, any case or proceeding *referred under this section*[.]" (emphasis added by District Court) (citing 28 U.S.C. § 157(d))).[1]

The trustee then renewed its motion in the Bankruptcy Court to transfer the adversary proceeding to the Eastern

---

[1] This order has not been appealed.

District of Pennsylvania under § 1631. *Troisio v. Erickson (In re IMMC Corp.)*, Bankr. No. 08-11178 (KJC), 2015 WL 6684638 (Bankr. D. Del. Oct. 30, 2015). The Bankruptcy Court denied the renewed motion, which it treated as a motion for reconsideration, because the trustee failed to identify an intervening change in the law and the Court remained "convinced that the express language and legislative history of § 610 supports the proposition that Congress did not intend to include bankruptcy courts in the definition of 'courts.'" *Id.*, at *2; *see N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995) (a motion to reconsider must rely on one of three things: "(1) an intervening change in controlling law; (2) the availability of new evidence . . . ; [or] (3) the need to correct a clear error [of law] or prevent manifest injustice" (citation omitted) (alterations in original)).

The trustee filed a notice of appeal of the Bankruptcy Court's 2012 order denying the original motion to transfer and its 2015 order denying the renewed motion to transfer.[2] The District Court affirmed both orders, relying on the same

---

[2] The trustee also filed a motion seeking certification of the appeal directly to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). The District Court certified the issue for direct appeal, but the trustee failed to perfect the appeal to the Third Circuit by filing a petition for permission with the circuit clerk as required by Federal Rule of Bankruptcy Procedure 8006(g). The trustee then filed a motion to reopen and proceed with the appeal before the District Court. The District Court granted the motion to reopen, and the appeal proceeded before the District Court.

reasoning: bankruptcy courts are not "courts" according to the plain language of § 610. Like the Bankruptcy Court, the District Court concluded that neither legislative history nor binding Third Circuit precedent supported the trustee's position. *See Troisio v. Erickson (In re IMMC Corp.)*, Civ. No. 15-1043 (GMS), 2018 WL 259941 (D. Del. Jan. 2, 2018). This appeal followed.

## II.[3]

The trustee's primary argument on appeal is that because we reasoned in *In re Schaefer Salt Recovery*, 542 F.3d 90 (3d Cir. 2008), that bankruptcy courts are "units" of district courts, they therefore fall under § 610's definition of "courts." Thus, he argues, the Bankruptcy Court had authority to transfer the adversary proceeding under § 1631. While the Bankruptcy Court may be a "unit" of the district court, § 610 lists district courts, not units of that court, and does not list bankruptcy courts.[4] But, because in *Schaefer Salt*, we ignored the absence of bankruptcy courts from the definition of § 451 so as to equate district courts and "units," we begin with a discussion of that case.

---

[3] The District Court had jurisdiction pursuant to 28 U.S.C. § 158(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 158(d). Because this appeal concerns a pure question of law, we review the District Court's order *de novo*. *See Pierce v. Underwood*, 487 U.S. 552, 584 (1988) ("[I]ssues of law are reviewed *de novo* . . . .").

[4] For this reason, Judge Roth believes that § 1631 by its plain terms does not grant transfer authority to bankruptcy courts because § 610, which defines the word "court" for purposes of § 1631, does not explicitly list bankruptcy courts.

9

Schaefer Salt filed several bankruptcy petitions in an attempt to use bankruptcy proceedings to avoid tax lien foreclosure actions brought against it in state court. *Schaefer Salt*, 542 F.3d at 94. The bankruptcy court dismissed the bankruptcy petitions as having been filed in bad faith and awarded attorney fees and costs against Schaefer Salt's counsel under 28 U.S.C. § 1927, citing "vexatious litigation . . . designed [to] . . . unreasonably multiply litigation that has resulted not only in the consumption of Bankruptcy Court resources but a back and forth in the State Court." *Id.* at 95.[5]

On appeal, we considered whether the bankruptcy court had the power to impose sanctions under § 1927. *Id.* at 102. We first noted that courts were split on this issue. *Id.* The historical and statutory notes to § 1927 referred to the definition of "court of the United States" in 28 U.S.C. § 451. *Id.* at 103. According to § 451,

> The term "court of the United States" includes the Supreme Court of the United States, courts of appeals, district courts constituted by chapter 5 of [Title 28], including the Court of International Trade and any court created by Act of Congress the

---

[5] Under 28 U.S.C. § 1927, "Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

> judges of which are entitled to
> hold office during good behavior.

Because § 451's definition of "court of the United States" did not include bankruptcy courts, some courts had held that bankruptcy courts lacked authority to issue sanctions under § 1927. *Id.* The express language of § 451 notwithstanding, other courts had concluded that a bankruptcy court "is within the definition of § 451 because of its status as a unit of the district court, with the district court clearly being a 'court of the United States.'" *Id.* (citing, e.g., *Volpert v. Ellis (In re Volpert)*, 177 B.R. 81, 88–89 (Bankr. N.D. Ill. 1995), *aff'd*, 186 B.R. 240 (N.D. Ill. 1995), *aff'd on other grounds*, 110 F.3d 494 (7th Cir. 1997)). *See* 28 U.S.C. § 151 ("In each judicial district, the bankruptcy judges in active services shall constitute a unit of the district court to be known as the bankruptcy court for that district."). We then answered the question ourselves:

> We find that although a bankruptcy court is not a "court of the United States" within the meaning of § 451, it is a unit of the district court, which is a "court of the United States," and thus the bankruptcy court comes within the scope of § 451. Under 28 U.S.C. § 157 and the Standing Order of the United States District Court for the District of New Jersey, which delegate authority to the bankruptcy courts in the District of New Jersey to hear

11

> Title 11 cases as well as "any and all proceedings" necessary to hear and decide those cases, the Bankruptcy Court had the authority to impose sanctions . . . under § 1927.

*Id.* at 105.

Thus, the trustee urges, our precedent has concluded that "bankruptcy courts, as units of the district court, come within the definition of 'courts' in 28 U.S.C. § 451 and therefore have the authority to impose sanctions under [§ 1927]." Br. for Appellant at 9. Because § 451 closely mirrors § 610, he argues that the Bankruptcy Court also comes within § 610's definition of "courts" and therefore the Court had authority to transfer the adversary proceeding under § 1631. However, he overlooks a key distinction between the issue in *Schaefer Salt* and the issue before us. In *Schaefer Salt* there was no question that the bankruptcy court had jurisdiction over Schaefer Salt's bankruptcy petitions under 28 U.S.C. § 157 and the matter before the Court was clearly encompassed within the standing order of reference entered by the District Court. *See Schaefer Salt*, 542 F.3d at 105. This included the authority to hear proceedings necessary to adjudicate the bankruptcy petitions, including proceedings to impose sanctions under 28 U.S.C. § 1927. *Id.* Thus, *Schaefer Salt*'s statement that a bankruptcy court is a "unit" of the district court does not address the court's authority to act under 28 U.S.C. § 157, or, for that matter, the Constitution.

Here, the Bankruptcy Court's jurisdiction and authority to act are implicated, as the Bankruptcy Court ruled

12

that it lacked jurisdiction over the adversary proceeding and the District Court concluded that the matter had never been referred to the Bankruptcy Court. "Congress has vested 'limited authority' in bankruptcy courts." *Resorts Int'l*, 372 F.3d at 161 (quoting *Bd. of Governors v. MCorp Fin., Inc.*, 502 U.S. 32, 40 (1991)). They may exercise only the authority conferred to them by statute. *Resorts Int'l*, F.3d at 161 ("[T]he source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the express terms of the Plan. The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." (quoting *United States Brass Corp. v. Travelers Ins. Group, Inc. (In re United States Brass Corp.)*, 301 F.3d 296, 303 (5th Cir. 2002))). Because the delegation of judicial authority to non-Article III tribunals has Constitutional implications, we must "jealously guard[]" the parameters of that authority. *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 60 (1982).

Under 28 U.S.C. § 1334(a), federal district court judges have "original and exclusive jurisdiction of all cases under title 11." District court judges may refer some of these matters to bankruptcy judges. *See* 28 U.S.C. § 157(a) ("Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."). Section 157 "divid[es] all matters that may be referred to the bankruptcy court into two categories: 'core' and 'non-core' proceedings." *Exec. Benefits Ins. Agency v. Arkinson*, 134 S. Ct. 2165, 2171 (2014) (citing 28 U.S.C. § 157). Core proceedings are matters which "invoke a substantive right provided by title 11" or "that by [their] nature could arise only in the context of a bankruptcy case." *Halper v. Halper*, 164 F.3d 830, 836 (3d

13

Cir. 1999) (citation and internal quotation marks omitted). Non-core proceedings are "not . . . core" but are "otherwise related to a case under title 11." 28 U.S.C. § 157(c)(1). Since the adversary proceeding was neither core nor related to the Chapter 11 case, the Bankruptcy Court lacked jurisdiction to hear it.

Thus, the trustee's reliance on *Schaefer Salt* is misplaced. The Bankruptcy Court here lacked authority over the claims in the adversary proceeding. Exercising jurisdiction over the adversary proceeding so as to transfer it under §1631 would have been *ultra vires*, regardless of whether bankruptcy courts fall under § 610's definition of courts. Cognizant of bankruptcy courts' limited authority and our obligation to guard the limits of that authority, we cannot approve of the bankruptcy court's exercise of jurisdiction to transfer the adversary proceeding under these circumstances.

As he did before the Bankruptcy and District Courts, the trustee argues that § 1631 was "broadly drafted to permit transfer between any two federal courts." S. Rep. No. 97-275, at 11. However, given the nature of bankruptcy court jurisdiction, a bankruptcy court that lacks jurisdiction over a proceeding cannot transfer that proceeding under § 1631. And, even assuming that Congress intended bankruptcy courts to fall under § 610's definition of courts by virtue of their status as units of the district courts, the trustee cannot overcome the Bankruptcy Court's lack of jurisdiction over the claims in the adversary proceeding in this case. Nor are we bound by the language in *Seven Fields* suggesting that a bankruptcy court that lacked jurisdiction over a proceeding could transfer it under § 1631. "[W]e are not bound by our Court's prior dicta," *Galli v. N.J. Meadowlands Comm'n*, 490

14

F.3d 265, 274 (3d Cir. 2007), and the suggestion of an alternative basis for our ruling in a footnote in that opinion was clearly dicta.

While the purpose of § 1631 is to remedy a lack of jurisdiction, we read § 1631 as intending to permit transfer to remedy a lack of statutory jurisdiction only. Statutory jurisdiction, such as federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332, is distinct from constitutional jurisdiction, a tribunal's authority under the Constitution to hear a matter. *See Mayor v. Cooper*, 73 U.S. 247, 252 (1868) (in order to hear a matter, a court must have jurisdiction under both the Constitution and a statute). On the heels of the Supreme Court's ruling in *Northern Pipeline*, Congress enacted laws to establish a constitutional scheme whereby the power over bankruptcy matters was lodged in the district courts, with their having the ability to refer matters to bankruptcy judges. *See Northern Pipeline* 458 U.S. 50 (1982) (declaring unconstitutional Congress's broad grant of authority to bankruptcy courts). Whether or not they established bankruptcy "courts" may be unclear, but what is clear is that the Bankruptcy Court's power to deal with all matters pertaining to bankruptcy, as a constitutional matter, emanates from the District Court. Here, the District Court specifically ruled that, in light of the Bankruptcy Court's ruling that the matter was neither a core proceeding nor one "related to" the Chapter 11 petition, it made no reference regarding this proceeding. Since it was never referred by the District Court, the Bankruptcy Court had no constitutional authority over the matter in light of *Northern Pipeline*. Transfer under § 1631 simply cannot cure this lack of constitutional jurisdiction.

Finally, we note that several of the Federal Rules of Bankruptcy Procedure authorize bankruptcy courts to transfer various bankruptcy matters. For example, Federal Rule of Bankruptcy Procedure 7087, which expressly incorporates 28 U.S.C. § 1412, allows a bankruptcy court to transfer a "case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." Our holding today does not call into question the validity of transfer under Rule 7087 because bankruptcy courts have statutory authority over "cases under title 11 and any or all proceedings arising under title 11." 28 U.S.C. § 157(a). Nor does it cast doubt upon the transfer of a bankruptcy petition to cure a defect in venue under Federal Rule of Bankruptcy Procedure 1014, as bankruptcy courts have statutory authority over bankruptcy petitions under 28 U.S.C. § 157. Our holding today simply reaffirms the well-established rule that bankruptcy courts may exercise only the authority delegated to them by statute and referred to them by the standing order of the district court. Because the adversary proceeding in this case fell outside the Bankruptcy Court's jurisdiction, the Bankruptcy Court properly declined to transfer the proceeding under 28 U.S.C. § 1631.

## III.

For the foregoing reasons we affirm the order of the District Court.